UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| Susan B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | No. 6:21-CV-034-H-BU |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) regarding the final adverse decision of the Commissioner of Social Security on July 26. *See* Dkt. No. 24. Judge Parker recommended that the Court affirm the Commissioner's decision. *Id.* at 14. Plaintiff filed an objection to the FCR. Dkt. No. 25. For the reasons stated below, the Court accepts and adopts the FCR (Dkt. No. 24). The Court affirms the final adverse decision of the Commissioner, and this case is dismissed.

**1.   Factual and Procedural Background**

On January 14, 2019, the plaintiff filed an application for a period of disability and disability-insurance benefits. Dkt. No. 15-1 at 19. The same day, the plaintiff also applied for supplemental security income under Title XVI. *Id.* The Administration denied her claims in July 2019 (*id.* at 82–105) and again upon reconsideration in November 2019 (*id.* at 108–33). The plaintiff timely filed a written request for a hearing. *See id.* at 155–58. In September 2020, the Administrative Law Judge (ALJ) held a telephonic hearing, attended by the plaintiff, her attorney, and an impartial vocational expert. *Id.* at 44–81. In

November 2020, the ALJ concluded—after going through the requisite five-step analysis—that the plaintiff was not disabled for the relevant period and rejected her claim for disability-insurance benefits and supplemental security income. *Id.* at 12.

At step one, the ALJ determined that the plaintiff had "not engaged in substantial gainful activity since November 29, 2018." *Id.* at 22. At step two, the ALJ found the plaintiff had the following severe impairments: morbid obesity, rheumatoid arthritis, degenerative changes in the cervical spine and in the lumbosacral spine, osteoarthritis in the bilateral feet, peripheral neuropathy in the bilateral lower extremities, bilateral varicose veins with venous insufficiency status post ablations of the bilateral greater saphenous veins, and calcaneal enthesophyte formation in the left foot. *Id.* At step three, the ALJ found that the plaintiff did not have an impairment or combination of impairment that meets or medically equals the severity of one of the enumerated impairments. *Id.* at 23. After considering the opinions of the State Agency Medical Consultants (SAMCs), the ALJ determined the plaintiff's residual function capacity (RFC) as allowing sedentary work with the following exceptions:

> [The plaintiff] cannot lift more than five pounds frequently or more than 10 pounds occasionally; she can stand and walk two hours in an eight-hour workday and sit six hours in an eight-hour workday; she cannot climb ladders, ropes, or scaffolds; she can occasional[ly] stoop, kneel, crouch, crawl, balance, and climb ramps and stairs; she can frequently handle and finger; and she must use a cane to ambulate.

*Id.* at 24. At step four, the ALJ found that the plaintiff was unable to perform her past relevant work. *Id.* at 35. Finally, at step five, the ALJ determined that there are sufficient jobs available in the national economy to allow the plaintiff to make a successful adjustment to work. *Id.* at 36. Based on these findings, the ALJ concluded the plaintiff was not disabled and was therefore not entitled to disability-insurance benefits or supplemental

security income.  *Id.* at 16, 36–37.

The plaintiff challenged the ALJ's decision before the Appeals Council.  The Appeals Council affirmed, and the plaintiff filed a timely appeal in this Court.  The case was referred to Magistrate Judge Parker, who recommended the Court affirm the decision of the ALJ.  Dkt. No. 24.  The plaintiff filed an objection to the FCR, so the appeal is ripe for review.

**2.     Legal Standards**

    **A.     Standards of Review**

In her appeal before Magistrate Judge Parker, the plaintiff challenged the ALJ's opinion on two grounds: First, the plaintiff asserted that the ALJ improperly weighed the SAMCs' medical opinions and therefore the RFC determination was not supported by substantial evidence.  Dkt. No. 17 at 2.  Second, the plaintiff argued that the ALJ erred in finding that she does not require a cane for standing.  *Id.* at 3.  Plaintiff objects to the FCR based only on her first argument.  *See* Dkt. No. 25.

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1).  The uncontested portions of the FCR are reviewed only for plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 502 (5th Cir. 2020).  Therefore, the Court reviews the first argument de novo and the remainder of the FCR for plain error.

### B.     ALJ Disability Determinations and De Novo Review

In evaluating a disability claim, an ALJ performs a five-step analysis to determine whether: "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see* 20 C.F.R. § 404.1520.

Judicial review of the Commissioner's decision to deny benefits "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is "more than a mere scintilla and less than a preponderance." *Id.*

"The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In reviewing de novo an eligibility determination, "[a] court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff." *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). "To establish prejudice, a claimant must show that he 'could and would have adduced evidence that might have altered the result.'" *Brock*, 84 F.3d at 728 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

4

In short, the Court's review of an ALJ's decision is "exceedingly deferential." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). The Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [ALJ], even if the evidence preponderates against the [ALJ's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)). "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Id.* (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### 3. Analysis

#### A. The ALJ properly weighed the medical-opinion evidence.

The plaintiff argues that the ALJ erred in rejecting the opinions of the SAMCs. Dkt. No. 25 at 2. The Court disagrees.

"[T]he determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor*, 706 F.3d at 602–03 (citing *Ripley*, 67 F.3d at 557). In determining the RFC, the ALJ must "examine[] the medical evidence in the record, including the testimony of physicians and the claimant's medical records." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). While "ALJs are no longer required to give controlling weight to a treating physician's opinion" (*id.* at 718–19), an ALJ cannot reject a medical opinion without an adequate explanation. *See Kneeland v. Berryhill*, 850 F.3d 749, 760–62 (5th Cir. 2017). In considering what weight to give to medical opinions, ALJs must consider a list of factors, including: (1) the persuasiveness of a medical source, (2) whether the opinion is supported by objective medical evidence, and (3) whether the medical opinion is internally consistent. 20 C.F.R. § 404.1520c; *see also Webster*, 19 F.4th at 719.

Here, the ALJ considered the SAMCs' medical opinions and properly found them unpersuasive. Dkt. No. 15-1 at 34–35. The ALJ noted that the SAMCs' opinions (1) were not based on the latest medical evidence and (2) contained internal inconsistencies. *Id.*

First, the SAMCs issued their medical opinions more than a year earlier than the ALJ's decision. *See id.* at 37, 116, 129. In that time, additional medical evidence became available from various sources, including the plaintiff's own testimony at the oral hearing. During the hearing, the plaintiff testified that her hands are "not quite awake" until 10 or 11 in the morning. *Id.* at 49. The plaintiff testified that, in the morning, her rheumatoid arthritis causes her hands to swell and hurt, and she must use a plastic mug to prevent the mug from breaking in the event she is unable to hold on to it. *Id.* at 63–64. The ALJ considered this new evidence in determining that the SAMC medical opinions were not entirely supported by objective medical evidence. *See* 20 C.F.R. § 404.1520c.

Second, the ALJ noted the opinions of the SAMCs contain internal inconsistencies. Dkt. No. 15-1 at 35. During the initial evaluation, the SAMCs concluded that the plaintiff's depression was severe, despite finding only mild limitations in the paragraph-B criteria. *Id.* at 35, 99. And during reconsideration, the SAMCs' opinions exhibited a similar mistake—finding the plaintiff's spinal impairment was not "severe," despite finding the plaintiff had exertional limitations due to spinal impairments. *Id.* at 35, 110. The ALJ considered these internal inconsistencies in determining that the SAMCs' medical opinions were unpersuasive.

Therefore, because the ALJ correctly weighed the SAMCs' medical opinions according to the § 404.1520c factors, the ALJ did not err in finding these opinions unpersuasive.

### B. The RFC determination is supported by substantial evidence.

The plaintiff asserts that the ALJ relied on "his own medical opinion in determining that the Plaintiff can use her hands for manipulative activities on a frequent basis." Dkt. No. 25 at 4. The record belies this assertion.

Again, the question is whether the decision is supported by substantial evidence based on the record as a whole. "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence 'must be more than a scintilla[,] it need not be a preponderance.'" *Webster*, 19 F.4th at 718 (quoting *Taylor*, 706 F.3d at 602) (alteration in original).

According to the plaintiff, "[t]he ALJ referred to no medical evidence, no non-medical evidence, nor any medical opinion which would establish that [the plaintiff] can use her hands 'frequently.'" Dkt. No. 25 at 3. However, the ALJ "based his opinions on the medical records, reports from Plaintiff's extensive medical records, the Social Security Administration's ('SSA') non-examining consultants, and the Plaintiff's testimony." Dkt. No. 24 at 3. For example, as recognized by the magistrate judge, the ALJ reviewed the following evidence in making his determination:

> The ALJ noted that Plaintiff was diagnosed in June 2019 with rheumatoid arthritis that affected her 'bilateral hands, wrists, ankles, and CMC, MCP, and PIP joints.' While her grip strength was decreased bilaterally it was still rated at 4/5 and she still had a normal range of motion in her upper extremities. She continued to work until June 2020 in a position which included prepping food to include chopping. She also testified the swelling in her hands was not as bad but that she adapts according to her pain levels such as avoiding utensils first thing in the morning and using a plastic cup to avoid breaking a dish. The ALJ considered this evidence and accounted for plaintiff's limitations from her rheumatoid arthritis by lessening her fingering requirements.

*Id.* at 10–11 (internal citations omitted). The ALJ relied on the medical opinion of the consultative examiner, who diagnosed the plaintiff with rheumatoid arthritis and noted the

7

decrease in grip strength. Dkt. No. 15-1 at 30 ("Due to the abnormalities noted in her wrists and hands at the consultative examination, the claimant is also limited to frequent handling and fingering."). The ALJ is solely responsible for making the RFC determination, and the consultative examination serves as substantial medical evidence to support the ALJ's decision.

Additionally, in her objections to the FCR, the plaintiff notes that she worked only part-time chopping food since November 2018 and claims that "[t]he Magistrate Judge failed to note" this fact, calling this "a critical error." Dkt. No. 25 at 3. The plaintiff argues that, because "there is no evidence from the Plaintiff's activities which would indicate that she used her hands for manipulative activities on a frequent basis," the ALJ erred in finding she was limited to frequent fingering. *Id.* However, the magistrate judge never claimed that the plaintiff worked full time after November 2018, and the fact that the plaintiff was limited to part-time work in a position that required fingering serves as additional evidence to support the RFC determination.

C.   **The Court finds no plain error in the FCR.**

Though the issue was raised before the magistrate judge, the plaintiff did not object to the FCR on the basis that the ALJ found she needed a cane for ambulation but not standing. *See* Dkt. No. 25. Such a failure to object ordinarily waives the issue.

However, the Court has discretion to correct unobjected errors "that are plain . . . and affect substantial rights." *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x. 446, 449 (5th Cir. 2019) (quoting *Douglass*, 79 F.3d at 1429) (omission in original). "In exercising that discretion, [the court] 'should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity, or public reputation of judicial

proceedings.'" *Id.* (quoting *Douglass*, 79 F.3d at 1424) (alteration in original).

Upon review, the Court finds no plain error in the FCR. Various medical records show the plaintiff could stand without the use of a cane. *See, e.g.*, Dkt. No. 15-1 at 465–68.

**4.     Conclusion**

"Though the ALJ [did not] adopt[] the state agency report verbatim . . . it cannot be said that his decision was not based on substantial evidence or that he improperly applied the relevant legal standards." *Webster*, 19 F.4th at 719. Having reviewed the FCR in light of plaintiff's objections, the Court accepts and adopts the FCR (Dkt. No. 24). The Court affirms the final adverse decision of the Commissioner, and this case is dismissed.

So ordered on September 26, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE